# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                         Case No. 6:03-cr-201-Orl-28GJK

**PEDRO MEZA,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO REQUEST PERMISSION FOR LEAVE TO PROCEED IN-FORMA PAUPERIS ON APPEAL** (Doc. No. 89) |
| **FILED:** | February 1, 2012 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Court certify that the appeal is not taken in good faith.

On November 24, 2003, Defendant pled guilty to Counts One and Two of the indictment. Doc. Nos. 40-41. On January 10, 2004, the Defendant was given a 2-level downward departure on the guideline score based on the Defendant's substantial assistance. Doc. Nos. 65, 69. Seven and a half years later, on July 7, 2011, Defendant file a motion to compel the Government to file a motion for downward departure of Defendant's sentence based upon his claim of substantial assistance. Doc. No. 79. On August 1, 2011, the Court entered an order denying the motion because Defendant failed to

demonstrate the Court's jurisdiction to entertain the motion and because the facts do not support relief. Doc. No. 80.

On December 27, 2011, Defendant filed another motion to compel the Government to file a motion for downward departure of Defendant's sentence based upon his substantial assistance claims. Doc. No. 82. On January 19, 2012, the Court entered an order denying the motion. Doc. No. 86. On February 1, 2012, Defendant filed a notice of appeal regarding the Court's denial of this motion to compel. Doc. No. 88. Defendant also filed the present motion to proceed on appeal in forma pauperis (the "Motion"). Doc. No. 89. The Motion fails to contain a financial affidavit or an approved form indicating that the Defendant is indigent. Doc. No. 89.

Section 1915(e)(2)(A), provides that the Court shall not permit anyone to appeal in forma pauperis if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(A). Moreover, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957) (absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v.*

*Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

In this case, Defendant has failed to establish that he is a pauper. Moreover, because the motions have been denied on the merits and due to the Defendant's failure to allege a jurisdictional basis, the Court finds that the appeal is frivolous. Accordingly, it is recommended that the Motion be **DENIED** (Doc. No. 89) and the Court certify that the appeal is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days for the date of its filing shall bar an aggrieved party for attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on February 22, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties

Courtroom Deputy